BROWNING, J.
The claimant appeals the denial of attorney’s fees for obtaining payment of the previously contested medical bills of Dr. Sharfman. The judge of compensation claims denied attorney’s fees on the basis that all fees due to the claimant were included in the lump-sum payment pursuant to the terms of a lump-sum settlement agreement approved by a joint petition. The claimant argues the joint petition expressly excluded the contested fees from the lump-sum payment and expressly reserved the jurisdiction of the judge of compensation claims to determine the claimant’s entitlement to the contested fees and the amount due. The employer/carrier ar *1042 gue the contested fees are subsumed in the fees granted under the terms of the joint petition as determined by the judge of compensation claims. We agree with the claimant and reverse.
The parties’ joint petition provided for a lump-sum payment which included payment of attorney’s fees for services rendered in connection with the lump-sum settlement. Although the joint petition provided for payment of Dr. Sharfman’s previously contested bills, payment of those bills was in addition to, not included in, the lump-sum payment. The joint petition also reserved the judge of compensation claims’ jurisdiction to determine the claimant’s entitlement to attorney’s fees for past services outside those fees outlined in the joint petition should the parties be unable to resolve that issue.
A contract must be construed to give effect to all of its provisions. See City of Homestead v. Johnson, 760 So.2d 80, 84 (Fla.2000). The judge of compensation claims’ interpretation of the joint petition failed to give effect to those provisions which exclude payment of Dr. Sharfman’s bills from the lump-sum payment and reserves for later adjudication the issue of the claimant’s entitlement to payment of attorney’s fees . for past services. Dr. Sharfman’s bills were not included in the lump-sum payment. Thus, the fee for obtaining that benefit was not included in the fees obtained under the lump-sum settlement.
For these reasons, we REVERSE and REMAND for the judge of compensation claims to determine a reasonable attorney’s fees to be paid to the claimant’s attorney by the employer/carrier for services rendered in obtaining payment of Dr. Sharfman’s bills.
BOOTH and KAHN, JJ., concur.